OPINION
McKEE, Circuit Judge.
Marshall Galex appeals his conviction •for various offenses that arose from his fraudulent receipt of various government benefits. For the reasons that follow, we will affirm.
Since we write primarily for the parties who are familiar with this case, we need not detail the factual or procedural background.
Galex first argues that the government should have been estopped from introducing evidence that he was not eligible to receive the disputed benefits because the government had previously awarded him those benefits and he had been receiving payments for a number of years. He also argues that the evidence was insufficient to sustain a conviction on any of the Counts in the indictment.
Galex concedes that he did not raise an estoppel argument at trial. See Appellant’s Br. at 2. Accordingly, our review of his estoppel claim is for plain error. Fed. R.Crim.P. 52(b); United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Galex initially challenged the sufficiency of the evidence at trial by moving for a judgment of acquittal at the close of the government’s case. We must therefore review the evidence in the light most favorable to the government as *776 verdict winner and determine if a reasonable jury could have been convinced beyond a reasonable doubt that Galex committed each of the crimes he was convicted of. See United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir.1995).
Galex’s estoppel argument does not merit discussion. Arguing that a successful fraud can somehow estop the defrauded party from charging the perpetrator with obtaining benefits through a fraudulent scheme is nothing short of frivolous. Adopting such an argument would immunize anyone who successfully perpetrates a fraud because he/she could simply argue that the victim’s reliance on the fraudulent scheme foreclosed any challenge to the underlying fraudulent misrepresentations. It is readily apjoarent from the evidence here that the government’s approval of Galex’s benefits over the years establishes nothing more than the success of his fraudulent scheme. It certainly does not support his claim that he was eligible for the benefits he received.
Galex’s challenge to the sufficiency of the evidence to convict for mail fraud is equally frivolous. The elements of mail fraud are: “(1) the defendant’s knowing and willful participation in a scheme or artifice to defraud, (2) with specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme.” United States v. Antico, 275 F.3d 245, 261 (3d Cir.2001) (citing United States v. Clapps, 732 F.2d 1148, 1152 (3d Cir.1984)).
Hei-e, the government introduced surveillance tapes showing Galex “bending, lifting and throwing logs, standing, sitting, walking without difficulty, reaching above his head and shoulders ... driving a truck, operating a wood-splitter, lifting firewood ... and even throwing firewood;” all while he was claiming to be disabled and unable to work. See Appellee’s Brief at p. 10-11.
In his 2002 application for total disability, Galex claimed he suffered from various mental disorders which prevented him from working. However, the government introduced the testimony of several physicians who stated that the objective tests revealed no support for Galex’s claim of neck and back pain. Similar testimony directly contradicted Galex’s claims that he was unable to work due to alleged mental health disorders. That evidence included a 1999 psychological evaluation of Galex that determined he did not suffer from or manifest a mental disorder. His fraudulent misrepresentations to the contrary eleai'ly caused benefit checks to be sent through the mails. Accordingly, the evidence was clearly sufficient to support his conviction.
For all of the above reasons, we will affirm the judgment of conviction.